(173 App. Div. 744)

## RHODES v. FRANZ.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

ACKNOWLEDGMENT ☞48—FALSITY—LIABILITY OF OFFICER—SUFFICIENCY OF COMPLAINT.

> A complaint against a notary for falsely certifying an acknowledgment is not insufficient, because it alleges that plaintiff saw one James Barry sign the name Marian J. Barry to the acknowledgment and defendant certify the same where it also alleges that plaintiff did not then know either Barry.

> [Ed. Note.—For other cases, see Acknowledgment, Cent. Dig. §§ 241–243; Dec. Dig. ☞48.]

Appeal from Special Term, New York County.

Action by Samuel R. Rhodes against William Franz. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed and remanded.

For opinion below, see 157 N. Y. Supp. 132.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

William E. McReynolds, of New York City, for appellant.
Irving Lachenbruch, of New York City, for respondent.

SCOTT, J. The plaintiff seeks to recover damages from a notary public for having falsely certified that a certain bill of sale to plaintiff had been signed and executed by Marian J. Barry, the owner of the property assigned, whereas in fact it had been signed and acknowledged by James Barry, the husband of Marian, in his wife's name, whereby the plaintiff, relying upon the certificate of said notary public, has been damaged.

Executive Law (Consol. Laws, c. 18) § 105, provides that:

> "For any misconduct in the performance of any such powers, a notary public shall be liable to the parties injured for all damages sustained by him."

And there seems to be no question as to the sufficiency of the present complaint, save for a single allegation contained therein. That allegation reads as follows:

> "Eleventh. That this plaintiff was present at the time of the execution of said bill of sale by the said James Barry before the defendant above named, as such notary public, on April 2, 1915, and at that time saw said James Barry

subscribe the name of Marian J. Barry thereto, and saw defendant as such notary public at that time execute the certificate of acknowledgment attached to such bill of sale."

It was considered at Special Term, and is strongly urged upon us by the respondent, that this paragraph constitutes an admission on plaintiff's part that he was not misled by the act of the notary public, but suffered damage from his own negligence in accepting a bill of sale which to his knowledge had not been executed by the person by whom it purported to be executed.

We do not consider that this is the necessary effect of the allegation, which immediately follows one to the effect that plaintiff did not know either James Barry or Marian J. Barry, and relied solely upon the certificate of acknowledgment. All plaintiff says in the eleventh paragraph is that he saw James Barry subscribe the instrument, and saw defendant execute acknowledgment. It may be that he thought that James Barry, who signed the instrument was Marian J. Barry for the name Marian, or, as it is sometimes spelled, Marion, is not infrequently borne by a male. At all events the paragraph is not so clearly an admission that plaintiff's damages resulted from his own carelessness as to justify a condemnation of his complaint, which in other respects states a sufficient cause of action.

The interlocutory judgment is therefore reversed, with costs, and demurrer overruled, with costs, with leave to defendant to withdraw the demurrer and answer within 10 days upon payment of said costs. All concur.